James A. Lee vs. Jacob A. Benjamin.

JANUARY 18, 1918.

Present: Parkhurst, C. J., Sweetland, Vincent, Baker and Stearns, JJ.

(1) *Bills and Notes. Conditional Delivery.*

Under the provisions of Gen. Laws, 1909, cap. 200, § 22, the maker of a promissory note, in an action by the payee, is entitled to show lack of consideration, in that it was made and delivered entirely for the accommodation of the payee and under an agreement with him and that it was not intended by the parties that the property in the note was to be transferred by its delivery to the payee.

Assumpsit. Heard on exceptions of defendant and sustained.

Per Curiam. This is an action in assumpsit to recover upon a promissory note for $2,000 delivered by the defendant to the plaintiff.

The case was tried before a justice of the Superior Court sitting with a jury. At the conclusion of the testimony said justice directed a verdict in favor of the plaintiff for $2,000 with interest. The case is before us upon the defendant's exception to this ruling of the justice.

According to the testimony of the plaintiff he was on June 3, 1915, the owner of certain real estate in Sharon in the Commonwealth of Massachusetts upon which estate was a mortgage for $3,000; that on June 3, 1915, he sold said estate to the defendant for $5,000; that the defendant assumed the payment of said first mortgage for $3,000 and gave to the plaintiff the promissory note, payable in six months with interest payable in advance, which is the subject of this suit. The defendant refused to pay said note when due and the plaintiff has commenced this action to recover on said note.

The defendant testified that he entered into the transaction in question entirely for the accommodation of the

plaintiff; that the plaintiff represented to him that he desired to sell said estate to certain persons in Boston, but did not wish to appear as the grantor thereof and requested the defendant to accept from the plaintiff a (1) deed of the property to be placed upon the record, with the understanding that the defendant would make a deed of said property at any time when requested by the plaintiff and to any person designated by the plaintiff; that the defendant gave the note in suit solely to further said plan and understanding; that the title to said real estate still remains in the plaintiff; that the defendant has never taken possession of said property or paid interest on said note or taxes or insurance upon said property; that there was in fact no consideration for said note; that it was well understood by the plaintiff and the defendant that the delivery of said note was for the special purpose testified to by the defendant and was not for the purpose of transferring property in the same.

Section 22, Chapter 200, General Laws 1909, in part is as follows: '' Sec. 22. Every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect thereto. As between immediate parties, and as regards a remote party other than a holder in due course, the delivery, in order to be effectual, must be made either by or under the authority of the party making, drawing, accepting or indorsing, as the case may be; and in such case the delivery may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument.''

We are of the opinion that the provisions of this statute are sufficiently broad to permit the defendant to show the lack of consideration for the note in question which he claims; and also to show that it was not intended by the parties that the property in said note was to be transferred by its delivery to the plaintiff.

In this view of the case the conflicting testimony of

the plaintiff and the defendant presented a proper issue of fact to be submitted to the jury and said justice erred in directing a verdict for the plaintiff.

The defendant's exception is sustained. The case is remitted to the Superior Court for a new trial.

*Thomas Z. Lee, Arthur E. Munro, James A. Lee, pro se ipso,* for plaintiff.

*Bellin & Bellin,* for defendant.